UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>PETITION TO ENFORCE NON-PARTY SUBPOENAS TO MCANDREWS HELD & MALLOY LTD., TROY A. GROETKEN, and YUFENG (ETHAN) MA | Miscellaneous Case No:_____<br><br><br>**REDACTED BRIEF IN SUPPORT OF PETITION TO ENFORCE NON-PARTY SUBPOENAS** |
| SHIRE LLC<br><br>      Petitioner,<br><br>v.<br><br>MCANDREWS HELD & MALLOY LTD., TROY A. GROETKEN, and YUFENG (ETHAN) MA<br><br>      Respondents. | |
| SHIRE LLC<br><br>      Plaintiff,<br><br>v.<br><br>TRAVIS C. MICKLE, PH.D., and KEMPHARM, INC.<br><br>      Defendants. | **Underlying Action Pending in United States District Court for the Western District of Virginia**<br><br>**Civil Case No. 7:10-cv-00434** |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iii

I. HISTORY OF THE PRESENT DISPUTE ..................................................... 1

    A. The NRP Patents ...................................................................... 1

    B. The KemPharm Patents ............................................................. 1

    C. The Underlying Litigation ......................................................... 2

    D. Information Is Copied from the NRP Patents to the KemPharm Patents ..................................................................................... 2

    E. Respondents' Involvement with the Preparation and Filing of the KemPharm Patents ................................................................. 2

    F. Respondents Counsel the KemPharm Board ............................. 2

    G. Shire Serves Subpoenas for Deposition Testimony and Document Production ................................................................................. 3

    H. Respondents Refuse to Comply with the Deposition Notices ........ 3

    I. Respondents Refuse to Produce Any Documents ...................... 4

II. SUMMARY OF THE RELEVANT LAW ...................................................... 5

III. ARGUMENT ............................................................................................. 6

    A. Shire's Petition Seeks Only Nonprivileged Testimony and Documents ............................................................................... 6

    B. Respondents Should be Compelled to Comply with the Deposition Notices ....................................................................................... 7

        1. McAndrews Should be Compelled to Comply with the Rule 30(b)(6) Deposition Notice ...................................................... 7

            a. Testimony Regarding the Date on Which McAndrews was First Retained by KemPharm or Dr. Mickle Is Relevant .................................................. 7

            b. Testimony Regarding McAndrews' Involvement with the KemPharm Patents Is Relevant ......................... 8

            c. Testimony Regarding Any Legal Opinion

i

00998532.DOC

McAndrews Authored Concerning the KemPharm
Patents, the Agreements at Issue in the Litigation,
and the NRP Patents is Relevant ...................................................9

    d.    Testimony Regarding McAndrews' Involvement in
KemPharm's Raising of Capital with Private
Investors Is Relevant to the Underlying Litigation.........................9

    e.    Testimony Regarding McAndrews' Involvement
with the Employment Agreements Is Relevant ............................11

    f.    Testimony Regarding Communications Between
McAndrews and Investors of KemPharm Is
Relevant ......................................................................................11

    g.    Testimony Regarding Any Investment McAndrews
Has or Ever Had in KemPharm or Any Related
Entities Is Relevant ....................................................................12

    h.    Testimony Regarding Communications Between
McAndrews and Cambrex Corporation Is Relevant.....................12

  2.    Groetken Should be Compelled to Comply with the
Deposition Notice ...................................................................................13

  3.    Ma Should be Compelled to Comply with the Deposition
Notice.......................................................................................................13

C.    Respondents Should be Compelled to Produce Documents and a
Privilege Log.........................................................................................................13

IV.    CONCLUSION...........................................................................................................14

00998532.DOC

# TABLE OF AUTHORITIES

## Cases

*aaiPharma, Inc. v. Kremers Urban Development Co.*, 361 F. Supp. 2d 770, 776-77 (N.D. Ill. 2005) ............................................................................................................. 9

*Bolder Co. v. Arvinmeritor, Inc.*, No. 03 C 4589, 2008 WL 4889017, at *2 (N.D. Ill. July 2, 2008) ................................................................................................................ 7

*Buonauro v. City of Berwyn*, No. 08 C 6687, 2011 WL 2110133, at *2 (N.D. Ill. May 25, 2011) ............................................................................................................... 7

*Camphausen v. Schweitzer*, No. 10 C 3605, 2010 WL 4539452, at *3 (N.D. Ill. Nov. 3, 2010) ................................................................................................................. 7

*Channelmark Corp., v. Destination Prods. Int'l, Inc.*, No. 99 C 214, 2000 U.S. Dist. LEXIS 9854, at *10-14 (N.D. Ill. July 7, 2000) ............................................... 7

*Golden Voice Tech. & Training, LLC v. Foley & Lardner*, No. 03 C 6469, 2003 U.S. Dist. LEXIS 22393, at * 6-8 (N.D. Ill. Dec. 11, 2003) ..................................... 6

*Heraeus Kuzler, GmbH v. Biomet, Inc.*, 633 F.3d 591, 598 (7th Cir. 2011) ................ 8

*Kodish v. Oakbrook Terace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006) ..................... 7

*Sauer v. Exelon Generation Co.*, No. 10 C 3258, 2011 WL 3584780, at *5 (N.D. Ill. Aug. 15, 2011) ................................................................................................. 7, 8

## Statutes

Fed. R. Civ. P. 26(b)(1) ................................................................................................. 6

00998532.DOC

Pursuant to Federal Rules of Civil Procedure 26(b), 34(c), 37, and 45, and Local Rule

37.2, Shire LLC ("Shire") petitions this Court to enforce subpoenas against respondents

McAndrews Held & Malloy ("McAndrews"), Troy A. Groetken, and Yufeng (Ethan) Ma.

## I.  HISTORY OF THE PRESENT DISPUTE

The subpoenas at issue in this Motion stem from an underlying litigation captioned Shire

LLC v. Travis C. Mickle, Ph.D., and KemPharm, Inc., pending in the Western District of

Virginia (No. 7:10-cv-00434).  As detailed in the Complaint (Ex. A), Defendant Travis Mickle

("Dr. Mickle") was previously employed by New River Pharmaceuticals Inc. ("NRP").  (Ex. A at

¶¶ 17–32.)  Shire, the current Petitioner, acquired NRP in 2007.

### A.  The NRP Patents

While at NRP, Dr. Mickle signed an employment agreement ("the Employment

Agreement").  (*Id.* at ¶ 18.)  The Employment Agreement prevented Dr. Mickle from using

NRP's confidential information outside of the company.  (*Id.*)  Dr. Mickle also signed several

patent assignment agreements ("the Assignment Agreements").  (*Id.* at ¶ 38.)

The Assignment Agreements, along with the Employment Agreement, required Dr.

Mickle to assign his rights in certain discoveries and inventions to NRP.  (*Id.* at ¶¶ 18 and 38.)

In fact, while at NRP Dr. Mickle was named as the lead inventor on several patents that were

assigned to NRP (hereinafter referred to as "the NRP Patents").  (*Id.* at ¶¶ 33–37.)

### B.  The KemPharm Patents

In violation of his obligations to NRP under the Employment Agreement, Dr.

Mickle used NRP's confidential information to start his own company, KemPharm, Inc.

("KemPharm").  (*Id.* at ¶¶ 50 and 54–75.)  Dr. Mickle also filed patent applications and

assigned them to KemPharm (hereinafter referred to as "the KemPharm Patents").  This was in

00998532.DOC

violation of his obligations to assign patent applications to NRP.  (*Id.* at ¶¶ 54–55.)

## C.     The Underlying Litigation

Shire sued Dr. Mickle and KemPharm alleging, among other things, that Dr. Mickle

violated both the Employment Agreement and Assignment Agreements. (*Id.* at ¶¶ 1, 76–113.)

Shire also alleges that KemPharm tortiously interfered with Dr. Mickle's contractual obligations

to NRP.  (*Id.* at ¶¶ 1, 114–24.)  The case is set for trial on February 21, 2012, discovery ends

November 21, 2011, and dispositive motions due November 17, 2011.

## D.     Information Is Copied from the NRP Patents to the KemPharm Patents

The KemPharm Patents contain information that was copied from the NRP Patents.  For

example, Exhibits B and C respectively compare KemPharm US Provisional Application Nos.

60/869,375 ("the '375 provisional application") and 60/888,870 ("the '870 provisional

application") with NRP Patent No. 7,105,486 ("the '486 patent").  These comparisons

demonstrate that sentences, and even entire paragraphs, were lifted from the '486 patent and

copied into the KemPharm provisional applications.

## E.     Respondents' Involvement with the Preparation and Filing of the KemPharm Patents

McAndrews was the prosecuting law firm of the KemPharm Patents and Ma was one of

the prosecuting attorneys on the KemPharm Patents.  (*See* Ex. D; Ex. E.)  Because of their role in

the prosecution of the KemPharm Patents, McAndrews and Ma have firsthand knowledge

regarding the copied information.  Specifically, they know who copied the information, when it

was copied, where it was copied, why it was copied, and how it was copied.

## F.     Respondents Counsel the KemPharm Board

Prior to this lawsuit, McAndrews provided legal advice concerning the subject matter of

this litigation.  For example, Exhibit F, a transcript of a recording of an August 7, 2009

00998532.DOC

KemPharm Board Meeting, demonstrates that Groetken, as a representative of McAndrews, spoke to the Board. (*See* Ex. F at 21–41.) Additionally, the Minutes of that meeting (Ex. G) contain the following statement regarding Groetken's discussion with the Board: ███████

███████████████████████████████████████

███████████████████████████████████████

### G. Shire Serves Subpoenas for Deposition Testimony and Document Production

Shire recognized the importance of the facts surrounding the information that was copied from the NRP Patents to the KemPharm Patents. Thus, under Federal Rule of Civil Procedure 45, Shire caused subpoenas to be personally served on Respondents. (Exs. H, I, and J).

### H. Respondents Refuse to Comply with the Deposition Notices

On October 5, 2011, Respondents filed a Consolidated Response and Objections to Shire's subpoenas. (*See* Ex. K at 5–8.) In a meet and confer telephone conference on October 10, 2011, Shire attempted to resolve Respondents' objections to the Rule 30(b)(6) deposition topics. Respondents, however, maintained that they will not appear for deposition. Respondents' position was that they were not in a position to provide discoverable information, which they defined as "evidence that could be used for some admissible purpose at trial."

On October 11, 2011 (Ex. L), Respondents announced that they were "taking the deposition dates off calendar but will agree to reschedule them if we can agree on what deposition scope, if any, is appropriate." (Ex. L at 1.)

In a follow-up letter to Respondents on October 14, 2011 (Ex. M), Shire pointed out that, contrary to Respondents' contention, evidence need not be admissible to be relevant and thus discoverable. (*See* Ex. M at 1.) Shire further clarified that under Rule 26(b)(1) relevant inadmissible evidence is discoverable if it is "reasonably calculated to lead to the discovery of

3

admissible evidence." (*Id.* at 1–2.)  Additionally, Shire included a chart providing, in detail, by topic, the discoverable nature of the deposition testimony sought by Shire. (*See id.* at 2–7.)

Shire requested a response by October 17, 2011. (*Id.* at 1.)  Despite this request, Respondents did not respond until October 24, 2011 (Ex. N) and only after receiving two reminder emails (Exs. O and P).  In their response, Respondents lay out further objections to the deposition and refused to appear for deposition. (*See* Ex. N at 1–3.)

## I.  Respondents Refuse to Produce Any Documents

The subpoenas set October 5, 2011, for the production of documents.  Respondents did not produce any documents in response to the subpoenas.  Instead, they filed the Consolidated Response and Objections which merely contained general, boilerplate objections to the requests for production and there was no attempt to set forth the basis for any privilege objections; no privilege log was served. (*See* Ex. K at 2–4.)  In short, Respondents simply took the unilateral position that they needed to do nothing in response to the subpoenas beyond filing objections.

In the October 10 meet and confer conference, Shire attempted to ascertain Respondents' specific issues with the production requests.  Respondents, however, failed to raise any specific objections to any of the requests, yet they maintained their unilateral refusal to search any of their records for responsive documents.  Respondents' only bases for their refusal were that any documents would be duplicative of the documents requested from KemPharm and Dr. Mickle, and that the benefit to the litigation is outweighed by the burden on Respondents.  Despite their argument on the duplicative nature of any production responding to the subpoenas, Respondents admitted that their emails have not been searched in the underlying litigation.

Subsequently, Respondents reiterated their argument on the duplicative nature of any document production, requesting that Shire demonstrate that there is not any overlap in the

documents sought by the subpoena and those requested in the underlying litigation. (Ex. L at 1–2.) Respondents argued that their emails were not searched in the underlying litigation because "Shire never requested a search of these mailboxes pursuant to our agreed ESI plan." (*Id.* at 2.)

In a follow-up letter, Shire pointed out that since Respondents' emails were not searched in the underlying litigation their argument about the duplicative nature of the documents is unfounded. (*See* Ex. M at 8.) Shire also explained that the obligations under the ESI plan in the underlying litigation are separate from Respondents' obligations under the subpoena. (*See id.*)

Respondents maintained that they will not produce documents or a privilege log in response to the subpoena. (*See* Ex. N at 1.) Respondents additionally discussed the burden that would be involved in a search of Groetken's and Ma's emails and ultimately concluded that unless the scope of the production requests is substantially restricted they will not produce documents in response to the production requests. (*See id.* at 1.)

## II.    SUMMARY OF THE RELEVANT LAW

A petition to enforce a subpoena is appropriate to compel respondents to produce otherwise discoverable information. *See, e.g., Golden Voice Tech. & Training, LLC v. Foley & Lardner*, No. 03 C 6469, 2003 U.S. Dist. LEXIS 22393, at * 6-8 (N.D. Ill. Dec. 11, 2003) (enforcing subpoena for patent infringement litigation billing records); *Channelmark Corp., v. Destination Prods. Int'l, Inc.*, No. 99 C 214, 2000 U.S. Dist. LEXIS 9854, at *10-14 (N.D. Ill. July 7, 2000) (enforcing subpoena for non-party testimony and documents relevant to fraud claim). Discovery is permitted on any nonprivileged matter that "is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). The appropriate question during discovery is not

00998532.DOC

whether the information is admissible, but whether the information is relevant. *See Camphausen v. Schweitzer*, No. 10 C 3605, 2010 WL 4539452, at *3 (N.D. Ill. Nov. 3, 2010). In fact, Rule 26(b)(1) states that relevant inadmissible evidence is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Bolder Co. v. Arvinmeritor, Inc.*, No. 03 C 4589, 2008 WL 4889017, at *2 (N.D. Ill. July 2, 2008) ("The evidence itself need not be admissible so long as it may lead to admissible evidence.").

In ruling on motions to compel discovery, courts have traditionally embraced a liberal interpretation of the discovery rules. *See Camphausen*, 2010 WL 4539452, at *1. Courts consistently look negatively upon significant restrictions placed upon the discovery process. *See Kodish v. Oakbrook Terace Fire Prot. Dist.*, 235 F.R.D. 447, 450 (N.D. Ill. 2006).

The burden is on the objecting party to demonstrate why a discovery request is improper. *See id.* "Responses to production requests must clearly assert the basis of a party's objection, if any, in relation to the specific documents in question, and broad objections to all of a party's requests are unavailing." *Buonauro v. City of Berwyn*, No. 08 C 6687, 2011 WL 2110133, at *2 (N.D. Ill. May 25, 2011). A party objecting to discovery as unduly burdensome must specifically demonstrate why that is so. *See Sauer v. Exelon Generation Co.*, No. 10 C 3258, 2011 WL 3584780, at *5 (N.D. Ill. Aug. 15, 2011) (citations omitted). Merely stating, without support, as respondents have done here, that the burden and expense would be considerable is insufficient to outweigh the requesting party's right to potentially relevant documents. *See id.* (citing *Heraeus Kuzler, GmbH v. Biomet, Inc.*, 633 F.3d 591, 598 (7th Cir. 2011)).

## III. ARGUMENT

### A. Shire's Petition Seeks Only Nonprivileged Testimony and Documents

Respondents have completely refused to comply with the subpoenas by improperly

00998532.DOC

arguing that the testimony and documents sought are privileged. This is absurd. Respondents failed to raise specific privilege objections and instead merely cited boilerplate privilege objections. For the reasons outlined below, Shire is seeking and entitled to nonprivileged testimony and documents in response to the subpoenas.

**B.      Respondents Should be Compelled to Comply with the Deposition Notices**

**1.      McAndrews Should be Compelled to Comply with the Rule 30(b)(6) Deposition Notice**

Shire's Rule 30(b)(6) Deposition Notice to McAndrews contains sixteen deposition topics that fall into eight different categories: (1) the date on which McAndrews was first retained by KemPharm or Dr. Mickle; (2) McAndrews' involvement with the KemPharm Patents; (3) legal opinions McAndrews authored concerning the KemPharm Patents, the agreements at issue in the litigation, and the NRP Patents; (4) McAndrews' involvement in KemPharm's raising of capital with private investors; (5) McAndrews' involvement with the employment agreements KemPharm entered into with its employees; (6) communications between McAndrews and investors of KemPharm; (7) any investment McAndrews has or ever had in KemPharm or any related entities; and (8) communications between McAndrews and Cambrex Corporation.

Each Rule 30(b)(6) deposition topic seeks information that is relevant to the underlying litigation and thus, McAndrews should be compelled to designate one or more individuals to testify on its behalf with respect to each topic.

**a.      Testimony Regarding the Date on Which McAndrews was First Retained by KemPharm or Dr. Mickle Is Relevant**

Deposition topic 1 requests testimony concerning the date on which McAndrews was first retained by KemPharm or Mickle and the nature of such representation. This topic is relevant

and non-privileged and McAndrews should be compelled to designate a witness on this topic.

The record is clear that at some time prior to the filing dates of the '375 and '870 provisional applications, information was copied from the NRP Patents to those provisional applications. (Ex. C & D). Therefore, the dates on which McAndrews was first retained by KemPharm or Dr. Mickle and the nature of such representation is relevant to determine whether McAndrews was involved in the copying. *See aaiPharma, Inc. v. Kremers Urban Development Co.*, 361 F. Supp. 2d 770, 776-77 (N.D. Ill. 2005) (explaining that information regarding counsel's "level of involvement" in patent prosecution was relevant and not privileged).

### b. Testimony Regarding McAndrews' Involvement with the KemPharm Patents Is Relevant

Deposition topics 2–6 request testimony concerning McAndrews' involvement with the KemPharm Patents. All of these topics are relevant and McAndrews should be compelled to designate one or more individuals to testify on its behalf with respect to these matters.

Shire contends that the KemPharm Patents rightly belong to Shire. This contention is supported by the fact that information was copied from the NRP Patents to the KemPharm Patents. As the prosecuting law firm, McAndrews has knowledge of all of the facts and circumstances surrounding the KemPharm Patents, including all communications related to the KemPharm Patents as well as the identification of each individual involved with the KemPharm Patents and the nature of their involvement. Specifically, McAndrews knows who copied the information, when it was copied, where it was copied, why it was copied, and how it was copied. Non-privileged information such as the date, author, recipient, and general subject matter of any information or communications regarding the KemPharm patents is directly relevant to Shire's claim that it is the rightful owner of the KemPharm Patents.

00998532.DOC

### c. Testimony Regarding Any Legal Opinion McAndrews Authored Concerning the KemPharm Patents, the Agreements at Issue in the Litigation, and the NRP Patents is Relevant

Deposition topic 7 requests testimony concerning any legal opinion McAndrews authored, whether written or oral, dealing with the KemPharm Patents, the Employment Agreement, the Assignment Agreements, the settlement agreement between Dr. Mickle and NRP, and the NRP Patents, and the nature of each such opinion. This request is relevant and McAndrews should be compelled to designate a witness on its behalf with respect to this matter.

The time period when KemPharm's Board first became aware of Dr. Mickle's obligations to NRP and the action the Board subsequently took, or did not take, to ensure that Dr. Mickle honored those obligations are relevant to Shire's tortious interference with contract claim.

McAndrews provided legal advice concerning the subject matter of this litigation prior to Shire's initiation of the lawsuit. (Ex. F and G). Non-privileged information such as the date, author, recipient, and general subject matter of any legal opinion McAndrews authored concerning the KemPharm Patents, the NRP Patents, and the agreements at issue in this litigation may demonstrate that KemPharm had knowledge of the legal implications of Dr. Mickle's agreements with NRP. KemPharm's knowledge of the legal implications of those obligations and what, if anything, the company did to ensure that Dr. Mickle honored those obligations, bears directly on Shire's tortious interference with contract claim against KemPharm.

### d. Testimony Regarding McAndrews' Involvement in KemPharm's Raising of Capital with Private Investors Is Relevant

Deposition topics 8–10 request testimony concerning McAndrews' involvement in KemPharm's raising of capital with private investors. Specifically, KemPharm issued Series A, B, and C Private Placement Confidential Offering Memoranda to potential private investors that

00998532.DOC

contained references to the possibility of litigation with Shire regarding the contracts between

Dr. Mickle and NRP. Notably, under the "Litigation Risk" heading of KemPharm's Series A, B,

and C Private Placement Confidential Offering Memoranda (Exs. Q, R, and S respectively), it

states that ███████████████████████████████████████████

███████████████ (*See* Ex. Q at DFN003842; Ex. R at SHR0000442; Ex. S at VQ0000319.)

Further, under the "Intellectual Property" heading of Exhibit B to KemPharm's Series A, B, and

C Private Placement Confidential Offering Memoranda, it states:



(Ex. Q at DFN003891; Ex. R at SHR0000489; Ex. S at VQ0000344.)

On November 2, 2010, after the litigation was commenced, KemPharm issued an

amendment to its third private placement memorandum (Ex. T). The amendment contains the

following statement: ███████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████

███████████████ (Ex. T at VQ0000489.)

If McAndrews provided any information or opinions to KemPharm to support or provoke

these statements, Shire is entitled to know at least non-privileged information such as the date,

author, recipient, and general subject matter of the information or opinions. Shire is entitled to

testimony on these items because when KemPharm first became aware of Mickle's obligations to

NRP and the actions they subsequently took, or did not take, to ensure that Mickle honored those

00998532.DOC

obligations are relevant to Shire's tortious interference with contract claim against KemPharm.

### e. Testimony Regarding McAndrews' Involvement with the KenPharm Employment Agreements Is Relevant

Deposition topics 11, 15, and 16 request testimony concerning McAndrews' involvement with the employment agreements KemPharm entered into with its employees. These requests are relevant and McAndrews should be compelled to designate a witness on these matters.

The "Employment Agreements" section of KemPharm's Series A, B and C Private Placement Confidential Offering Memoranda states that KemPharm entered into employment agreements with all of its employees. (*See* Ex. Q at DFN003910; Ex. R at SHR0000496; Ex. S at VQ0000411.) The section further describes these agreements, stating that ███████

██████████████████████████████████████████

████████████ (Ex. Q at DFN003910; Ex. R at SHR0000496; Ex. S at VQ0000411.)

KemPharm and Dr. Mickle are challenging the reasonableness of the Employment Agreement between Dr. Mickle and NRP. If McAndrews drafted any of the employment agreements that KemPharm entered into with its employees, authored any legal opinion concerning those agreements, or provided any information or opinions to support the statements in the "Employment Agreements" section described above, Shire is entitled to know the date, author, recipient, and general subject matter of the information or opinions. Such non-privileged information about KemPharm's employment agreements is directly relevant to the reasonableness of the Employment Agreement between Dr. Mickle and NRP.

### f. Testimony Regarding Communications Between McAndrews and Investors of KemPharm Is Relevant

Deposition topic 12 requests testimony on communications McAndrews has had with any actual or potential KemPharm investor concerning the KemPharm Patents, the Employment

11

Agreement, the Assignment Agreements, and the NRP Patents. This request is relevant and McAndrews should be compelled to designate one or more witnesses testify on this matter.

To the extent that McAndrews has had communications with any actual or potential KemPharm investor concerning the substance of this litigation, these communications are not attorney-client communications and are directly relevant to the litigation. For example, if McAndrews made statements to investors that are inconsistent to the information provided in KemPharm's and Mickle's pleadings, Shire is entitled to knowledge of this inconsistency.

### g. Testimony Regarding Any Investment McAndrews Has or Ever Had in KemPharm or Any Related Entities Is Relevant

Deposition topic 13 requests testimony concerning any investment or interest McAndrews has or ever had in KemPharmor or any related or affiliated entities or predecessors. This request is relevant and non-privileged and McAndrews should be compelled to designate one or more individuals to testify on its behalf with respect to this matter.

Any investment or interest McAndrews has or ever had in any of these entities is relevant to any possible bias in the testimony of the McAndrews' witness(es).

### h. Testimony Regarding Communications Between McAndrews and Cambrex Corporation Is Relevant

Deposition topic 14 requests testimony on all communications McAndrews has had with Cambrex Corporation regarding synthesis or analysis of amphetamine conjugated to amino acid. This request is relevant and non-privileged and McAndrews should be compelled to designate one or more individuals to testify on its behalf with respect to this matter.

KemPharm contracted Cambrex to synthesize and analyze amphetamine conjugated to amino acid. Interestingly, Cambrex was the same vendor that NRP used to synthesize and analyze amphetamine conjugated to amino acid. As the prosecuting law firm of the KemPharm

00998532.DOC

Patents, McAndrews may have used the synthesis or analysis in the prosecution of the patents and applications. Therefore, communications with Cambrex regarding synthesis or analysis are relevant to Shire's claim that the KemPharm Patents rightly belong to Shire.

### 2. Groetken Should be Compelled to Comply with the Deposition Notice

As discussed above, the time period when KemPharm's Board first became aware of Dr. Mickle's legal obligations to NRP and the steps the Board subsequently took, or did not take, to ensure that Dr. Mickle complied with those obligations are relevant. Groetken, as a representative of McAndrews, has provided legal advice to KemPharm prior to Shire's initiation of the underlying lawsuit. (*See* Ex. F at 21–41; Ex. G.) Specifically, Groetken has counseled the KemPharm Board ███████████████████████████ (*See* Ex. G.)

The date, author, recipient, and general subject matter of any legal opinion Groetken authored, whether written or oral, concerning the facts and circumstances at issue in this litigation, may demonstrate that KemPharm had knowledge of the legal implications of Dr. Mickle's agreements with NRP. This knowledge bears directly on Shire's tortious interference claim. Therefore, Groetken should be compelled to testify with respect to these matters.

### 3. Ma Should be Compelled to Comply with the Deposition Notice

As a prosecuting attorney of the KemPharm Patents, Ma has firsthand knowledge of the facts and circumstances that resulted in information being copied from the NRP Patents to the KemPharm Patents. This information is directly relevant to Shire's claim that the KemPharm Patents rightly belong to Shire. Therefore, Ma should be compelled to testify as well.

### C. Respondents Should be Compelled to Produce Documents and a Privilege Log

Respondents' Consolidated Response and Objections to Shire's subpoenas merely contained general, boilerplate objections to Shire's document requests. (*See* Ex. K at 2–4.)

13

Further, in the meet and confer process, Respondents did not raise any specific objections to the

relevance of the document requests. Instead, Respondents relied on the allegedly unduly

burdensome duplicative nature of any document production.

Respondents contend that any documents that would be produced in response to the

subpoenas are duplicative of the documents already requested from the parties. Interestingly,

Respondents simultaneously acknowledge that their emails were not searched in the underlying

litigation. Therefore, Respondents duplicative nature argument is baseless.

Respondents further assert that they will not search their emails or produce a privilege log

in response to the subpoenas because the benefit to the litigation is outweighed by the burden to

Respondents. However, a general assertion of the burdensome nature of the production, without

support, is insufficient. *See Sauer*, 2011 WL 3584780, at *5.

Shire is seeking Respondents to search for and produce any responsive non-privileged

documents. This includes the metadata of the final electronically stored versions of the '375 and

'870 provisional applications filed with the United States Patent and Trademark Office. The

metadata will provide the information necessary to ascertain who copied the information from

the NRP Patents to the KemPharm Patents and when this information was copied. This

information is relevant to Shire's claim that it is the rightful owner of the KemPharm Patents.

Respondents' failure has resulted in prejudice to Shire because Shire will be forced to

postpone depositions until it receives Respondents' documents. Therefore, Respondents should

be compelled to respond fully to the production requests, and to produce a privilege log.

## IV.  CONCLUSION

Under Federal Rule of Civil Procedure 45(c)(2)(B) and for the reasons set forth herein,

Respondents McAndrews Held & Malloy Ltd., Troy A. Groetken, and Yufeng (Ethan) Ma have

00998532.DOC

no basis to object or otherwise refuse to comply with the valid subpoenas served upon them.

Accordingly, Shire requests that the Court enter an Order: (1) compelling Respondents to appear

for a deposition; and (2) setting a firm deadline for Respondents to produce documents in

response to their subpoenas.

Dated: October 27, 2011

Respectfully submitted,

By:  /s/ *Steven R. Trybus*
Steven R. Trybus
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL  60654
Telephone:  (312) 923-8307
Fax:  (312) 923-8407
Email:  strybus@jenner.com

and

By:  /s/ *Eugene LeDonne*
Eugene LeDonne (application for *Pro Hac Vice* forthcoming)

FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY  10151
Telephone:  (212) 588-0800
Facsimile:  (212) 588-0500
Email:  eledonne@flhlaw.com

ATTORNEYS FOR SHIRE, L.L.C

15

00998532.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2011, pursuant to LR 5.3, I electronically filed the

foregoing document with the Clerk of Court using the ECF system and that a file-stamped copy

of this Motion to Compel Compliance was sent to following by both electronic mail and U.S.

Mail:

Gregory C. Schodde                          John E. Davidson
Patricia J. McGrath                         Davidson & Kitzmann, PLC
Thomas J. Wimbiscus                         211 East High Street
McAndrews, Held & Malloy, Ltd.              Charlottesville, VA 22902
500 West Madison, 34th Floor                jed@dklawyers.com
Chicago, IL 60661
gschodde@mcandrewsip.com
pmcgrath@mcandrews-ip.com
twimbiscus@mcandrews-ip.com


Dated:  October 27, 2011                    Respectfully submitted,

                                            By:  ___/s/ *Steven R. Trybus*_____
                                                    Steven R. Trybus

                                            JENNER & BLOCK LLP
                                            353 N. Clark St.
                                            Chicago, IL  60654
                                            Telephone:  (312) 923-8307
                                            Fax:  (312) 923-8407
                                            Email:  strybus@jenner.com

                                            and

                                            By:  ___/s/ *Eugene LeDonne*_____
                                                    Eugene LeDonne (application for *Pro Hac*

16                                                          00998532.DOC

*Vice* forthcoming)

FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Facsimile: (212) 588-0500
Email: eledonne@flhlaw.com

ATTORNEYS FOR SHIRE, L.L.C

17