# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7730 | **DATE** | 12/9/2011 |
| **CASE TITLE** | Shire LLC vs. McAndrews Held & Malloy, Ltd. *et al.* | | |

**DOCKET ENTRY TEXT**

Shire's petition to enforce non-party subpoenas [1] is granted in part and denied in part. The motion is granted as to information relating to respondents' involvement in the alleged copying of the earlier patents and denied as to the other categories of information.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Petitioner Shire LLC seeks to enforce several subpoenas against respondents -- the law firm McAndrews Held & Malloy, Ltd. ("McAndrews"), and two of its attorneys, Troy A. Groetken and Yufeng (Ethan) Ma. The subpoenas arise out of a case now pending in the Western District of Virginia in which Shire is the plaintiff and the defendants are Travis C. Mickle and KemPharm, Inc. (Case No. 7:10-cv-00434.) Dr. Mickle was previously employed by New River Pharmaceuticals Inc. ("NRP"), which petitioner Shire acquired in 2007. While at NRP, Dr. Mickle signed an employment agreement preventing him from using NRP confidential information outside his work for the company. Dr. Mickle also signed patent assignment agreements. In the Virginia litigation, Shire alleges Dr. Mickle used this confidential information to start his own company, KemPharm, Inc., and to prepare patent applications based on information copied from the NRP patents. McAndrews was the prosecuting law firm for the KemPharm patents and Ma was one of the prosecuting attorneys. Shire asserts, among other things, that McAndrews and Ma have firsthand knowledge of who copied the information in the KemPharm patents and also about when, where, why, and how such information was copied. The Virginia case is set for trial in the latter part of February.

    In its opening brief, Shire states that the information being sought by the subpoenas falls into the following eight categories: "(1) the date on which McAndrews was first retained by KemPharm or Dr. Mickle; (2) McAndrews' involvement with the KemPharm patents; (3) legal opinions McAndrews authored concerning the KemPharm Patents, the agreements at issue in the litigation, and the NRP patents; (4) McAndrews' involvement in KemPharm's raising of capital with private investors; (5) McAndrews' involvement with the employment agreements KemPharm entered into with its employees; (6) communications between McAndrews and investors of KemPharm; (7) any investment McAndrews has or ever had in KemPharm or any related entities; and (8) communications between McAndrews and Cambrex Corporation." (Shire Op. Br. at 7.) The parties have submitted extensive briefing, including sur-replies.

    The parties argue over the appropriate legal standard, specifically whether we ought to apply the heightened standard set forth by the Eighth Circuit in *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir.

**STATEMENT**

1986). *Shelton* states that depositions of opposing counsel should be taken in rare circumstances, only when three requirements are satisfied: "(1) no other means exist to obtain the information than to depose opposing counsel [;] (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *Id.* at 1327. Respondents argue that we should adopt this strict test and find none of the eight categories of information are discoverable. It first argues that the information is available from other parties, including defendants in the underlying case as well as third parties such as Cambrex Corporation. Respondents state that Shire has already received (or "had an opportunity to receive") the information. (Resp. at 7.) The reference to "opportunity to receive" is an implicit admission that Shire has not received some of the information sought. Respondents believe that the "proper remedy" for any failure to disclose this information would be for Shire "to file a motion to compel in the underlying suit." (*Id.*) Respondents' second argument under *Shelton* is that the information is irrelevant and likely privileged. As to relevance, respondents seem to concede that the information about whether the disputed patents were copied from the NRP patents is arguably relevant, but then they go on to assert that such information is likely privileged. Third, respondents make various arguments as to why this information is not crucial to Shire's case. Here, respondents focus on information relating to communications McAndrews may have had with outside investors.

Shire argues in response that several judges in this district have refused to apply the stricter *Shelton* test from the Eighth Circuit. *See, e.g. aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F.Supp.2d 770, 775 (N.D. Ill. 2005) (declining request to impose the heavier burden required by *Shelton*); *Wilson v. O'Brien*, 2010 WL 1418401, *2 (N.D. Ill. Apr. 6, 2010) (after noting that the Seventh Circuit has never adopted the *Shelton* test, Judge Kocoras applied a less strict "alternative position, one of flexibility and consideration of all the circumstances presented in a particular case"). Shire argues that a key difference from *Shelton* is that counsel here would be fact witnesses, being deposed about their role in working on patent applications for Dr. Mickle and representing him and KemPharm before the Patent Office. We agree with petitioner's arguments and will not apply *Shelton* -- at least not in the strict way advocated by respondents. However, *Shelton* does provide a helpful general framework for guiding our discussion.

We begin with the claim having the strongest argument for relevance. This concerns the information about the respondents' involvement in the alleged copying of the NRP patents. This Court only has been involved in this case in a limited way. However, based on the arguments presented to this Court, we find that this information should be produced. It is arguably relevant as it relates to a central part of the plaintiff's case. Of particular significance in this regard is the fact that the defendants in the Virginia litigation have already served subpoenas on Shire's patent prosecution counsel seeking information similar to what petitioner seeks now from respondents. (Reply at 7.) Respondents argue that the copying issue is not really relevant because only background information was copied. (Sur-reply at 4 and n.2.) It is hard to assess this argument now, in the context of this discrete discovery dispute, but we find that the better course is to allow this discovery and then allow the parties to make these arguments to the Judge in the Virginia litigation. As for the assertion that Shire can get this information from other sources, respondents have acknowledged that this information is "arguably exclusively" within their possession. (Resp. at 8.) Respondents do state at one point that Shire should file a motion to compel before the Virginia court. But respondents have not provided any authority stating that Shire is required to do so. Finally, we have to take into account that these privilege issues arose, in part, because Dr. Mickle and his company retained the McAndrews law firm as their trial counsel while undoubtedly knowing (as their counsel would have advised them) that the very issue now being addressed could arise. Looking at the case law cited in the briefs, none of which is binding, we find that the case most analogous to this one is *aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F.Supp.2d 770, 775 (N. D. Ill. 2005). In that case, Judge St. Eve allowed discovery from the trial attorneys about their involvement in the earlier prosecution of the patents. *Id.* at 776. In her ruling, Judge St. Eve noted that it would be "unfair" if a party could "shield potentially harmful discovery" simply by using their patent prosecution counsel as their trial counsel. *Id.* at 775. We agree with this reasoning.

**STATEMENT**

    Respondents argue that most if not all of the information sought will be privileged. As preliminary point, Shire emphasizes that it is seeking non-privileged factual information. It states that the subpoenas focus on work done starting in 2006 relating to the preparation and prosecution of the patent applications, and that the two individual respondent attorneys have not appeared as attorneys in the Virginia litigation and are not involved in the prosecution of that case. (Reply at 2-3.) In any event, Shire argues that such issues should be addressed in the course of discovery and that it is not seeking a ruling at this time on any underlying privilege issues. (Reply at 1.) Shire states that respondents should produce a privilege log so that privilege questions be addressed on an individual basis. We agree with this approach.

    As for the remaining issues, we are not persuaded that their possible relevance justifies the time and burden of the discovery especially involving the likely privilege issues that will arise. Much of this remaining information relates to communications with possible investors in the company. Shire has not clearly explained why it is likely this discovery will uncover admissible evidence. The request seems more in the nature of a fishing expedition. Further, this information is more likely to be found from other sources who are third parties and not involved in the Virginia litigation. For example, as respondents point out (Resp. at 10), Shire has obtained documents from Cambrex and deposed its representative.

    At this time, we will not set specific deadlines for complying with this discovery and for producing a privilege log because we will allow the parties, in the first instance, a chance to work out these specific timing issues in a prompt manner given the looming trial deadline set by the Virginia court.